UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAURICE BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00070-JRS-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Maurice Bennett's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case number CIC 17-04-0139. For the reasons explained in this Order, Mr. Bennett's petition is granted.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton* (*Piggie II*), 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

Disciplinary case CIC 17-04-0139 was initiated by the following conduct report issued by Correctional Officer E. Boner on April 12, 2017:

> On 04/12/2017 at approx 8:10 AM, I Officer E. Boner conducting a shakedown of Offender Bennett, Maurice #974997 18B-3D. I, Officer E. Boner along with Officer J. Matlock, escorted Offender Bennett to D Unit Control Area. Once in the control area, I ordered Offender Bennett to submit to mechanical restraints at which he complied. I Officer E. Boner then lifted up the shirt of Offender Bennett and searched his medical colostomy bag. Upon searching the colostomy bag, I Officer E. Boner recovered two pieces of paper folded tightly in a packaged fashion. Inside was a white powdery substance, and once tested was found to be cocaine. Offender Bennett, admitted to myself that the substance was indeed cocaine. This is a violation of Indiana Law, IC 35-48-4-6 Possession of Cocaine.

Dkt. 19-1.

Mr. Bennett was charged with possession of cocaine.[1] He received notice of the charge and the conduct report on April 15, 2017; was convicted at a hearing; and received sanctions. However, the Indiana Department of Correction (IDOC) vacated the sanctions and set the matter for rehearing after Mr. Bennett challenged his conviction in this Court through a petition for a writ of habeas corpus. *See* no. 1:17-cv-02833-JMS-TAB.

Mr. Bennett received notice of the rehearing on November 17, 2017. Dkt. 19-4. The screening report presented to Mr. Bennett on that date indicates that he was unable to write on or sign the notice because his hands were bound in restraints. *Id.* However, M. Christy made several notations on Mr. Bennett's behalf. *Id.* Two of those notations are relevant to this proceeding.

First, Mr. Bennett requested that he be permitted to present a statement by another inmate, Terrel Sims. *Id.* Mr. Bennett stated that Mr. Sims would testify that Mr. Bennett was not shaken down as described in the conduct report and never possessed the substance described in the report.

---

[1] A separate incident report stated that a cellular phone was also found in the search. Mr. Bennett was charged separately with use or possession of a cellular device. That disciplinary proceeding was the subject of a separate habeas action in this Court. *See* no. 1:17-cv-02834-TWP-DML.

*Id.* Mr. Sims furnished a written statement saying, "No officers ever went to his cell to shake down his room nor did he possess anything that they are saying he possessed." Dkt. 19-7.

Second, the screening report states that Mr. Bennett wished for the "substance to be tested." Dkt. 19-4. Sergeant Jeremiah Pardue served as the disciplinary hearing officer (DHO) in CIC 17-04-0139. In an affidavit, Sgt. Pardue attested that he interpreted this notation on the screening report as conveying that Mr. Bennett wished specifically for the *hearing officer* to have the substance tested. Dkt. 19-13 at ¶ 5. Sgt. Pardue further attested that this interpretation led him to retrieve the substance from the investigations department on the morning of November 22, 2018, the day of Mr. Bennett's rehearing. *Id.* at ¶ 6. Sgt. Pardue says he then observed someone—it is not clear who—test the substance and that the test was positive. *Id.*

Sgt. Pardue attests that his retrieval of the substance is documented in the evidence record for CIC 17-04-0139. *Id.* at ¶ 7. However, the evidence record presented in this case conflicts with that statement in at least three respects. First, the evidence record bears a different case number—CIF-17-0129. Dkt. 19-3 at 7. Second, the final three entries on the evidence log show the substance being moved (1) from storage to the internal investigations office at 1:45 P.M. on November 9, 2017; (2) from the internal investigations office back to storage at 3:15 P.M. that afternoon; and (3) from storage back to the internal investigations office at 7:17 A.M. on November 22, 2017. *Id.* In other words, the evidence log does not show the substance being removed from the investigations department on the morning of the rehearing. Finally, Sgt. Pardue's signature—at least the signature appearing on the hearing report—does not appear anywhere on the evidence record. *Compare id. to* dkt. 19-9.

There is no evidence before the Court of any other test of the substance attributed to Mr. Bennett. Neither the evidentiary record nor the briefing provides any reference to the testing that

3

Officer Boner stated identified the substance as cocaine in his incident report, which was drafted seven months before Sgt. Pardue's test, or any explanation why the substance had to be retested.

CIC 17-04-0139 proceeded to a rehearing before Sgt. Pardue on the afternoon of November 22, 2017. Dkt. 19-9. Mr. Bennett asserted that shakedowns on April 12, 2017, occurred while he was at recreation and that he was charged wrongfully. *Id.* He stated that, contrary to the conduct report, he never admitted to possessing the substance attributed to him or that it was cocaine. *Id.*

At the rehearing, Mr. Bennett also noted that Sgt. Matlock—whom the conduct report identified as a participant in the shakedown—recently denied having any memory of the incident. *Id.* Mr. Bennett argued that it would be unlikely for an officer to forget an incident as unusual as finding contraband hidden in a colostomy bag. *Id.* In fact, Sgt. Matlock filed a "Conduct Supplement Report" stating, "I don't remember this incident." Dkt. 19-6. This statement does not appear to have been solicited by Mr. Bennett, as it is dated November 16, 2017—the day before he received notice of the rehearing and an opportunity to request evidence. *Id.*

Nevertheless, Sgt. Pardue found Mr. Bennett guilty. Dkt. 19-9. Mr. Bennett's sanctions included the loss of 180 days' earned credit time and a demotion of one credit-earning class. *Id.*

### III. Analysis

Mr. Bennett asserts several challenges to his conviction. One of these challenges—that Mr. Bennett was denied his due-process right to be heard by an impartial decision-maker—entitles him to habeas relief. Because this due process violation requires that the Court grant Mr. Bennett's petition, the Court declines to discuss his remaining claims.

A prisoner in a disciplinary action has the right to be heard before an impartial decision-maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d

817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie* (*Piggie I*), 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie I*, 342 F.3d at 666. However, the presumption is overcome—and an inmate's right to an impartial decision-maker is breached—when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Bennett argues that Sgt. Pardue's partiality was compromised by his participation in the testing of the substance attributed to Mr. Bennett in CIC 17-04-0139. The Court agrees. Sgt. Pardue's role in testing the substance rendered him a witness to a dispositive factual issue and thereby precluded him from also serving as a constitutionally impartial hearing officer.

"Administrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016) (citing *Webb v. Anderson*, 224 F.3d 649, 652–53 (7th Cir. 2000)). Sgt. Pardue's decision in CIC 17-04-0139 rested entirely on chemical analysis. There is no contention that the substance attributed to Mr. Bennett was confirmed as cocaine by any means but chemical analysis, and no evidence but his own observation links any chemical analysis to Mr. Bennett.

Officer Boner's incident report states that the "white powdery substance" he removed from the colostomy bag "was found to be cocaine" once it was tested. Dkt. 19-1. But no records before the Court document this test, and Sgt. Pardue did not refer to any in his hearing report or in his

5

affidavit. If the substance was tested on or before April 12, 2017, and if the results of that test were documented, it strikes the Court as strange that Sgt. Pardue did not refer to them to bolster his decision at the disciplinary hearing and that the respondent has not presented them here.

The record also includes photographs of a container apparently holding a substance that has changed colors due to its immersion in a chemical, indicating a positive test for cocaine. Dkt. 19-3 at 7, 8. The photographs of the container are the only test results in the record before this Court, and they appear to be the only test results that Sgt. Pardue considered at the disciplinary hearing.

Notably, the container is unmarked. It does not feature Mr. Bennett's name or a case number. In one photograph, the container is posed next to two paper packages and an evidence record including Mr. Bennett's name. But all that connects the container to the rest of the evidence—and to Mr. Bennett—is Sgt. Pardue's testimony that he retrieved the powder from the investigations department's evidence associated with this case and then witnessed the test.

There is no chain of custody documenting that the substance depicted in the unmarked container is the substance Mr. Bennett was alleged to have hidden in his colostomy bag. Assuming that the evidence log labeled with case number CIF-17-0129 is actually associated with case number CIC 17-04-0139, the evidence log does not track the white powder's movement after it was *checked into* internal investigations on the morning of the hearing. Nothing but Sgt. Pardue's word indicates that it was *removed* from internal investigations for testing.

The absence of a chain of custody is magnified by Mr. Sims' statement and Sgt. Matlock's supplemental report. These documents support (although perhaps not conclusively) Mr. Bennett's assertion that he was not shaken down as the conduct report described. The contention that the

charges and evidence against him were fabricated give Sgt. Pardue's account even greater significance than would ordinarily attach to evidence of chemical testing.

The respondent argues that Sgt. Pardue "was simply honoring Bennett's request that the substance be tested." Dkt. 19. But the screening report documents only that Mr. Bennett requested that the substance he was alleged to have possessed be tested before his rehearing. It does not contain any language indicating that Mr. Bennett asked that his hearing officer perform the test. Regardless, Sgt. Pardue's interpretation does not remedy the resulting violation of Mr. Bennett's constitutional rights. The Constitution allows a prisoner to request evidence in a prison disciplinary proceeding, and it prohibits a person who is directly and substantially involved in investigating the charges from hearing the case. The Court is not familiar with any legal authority holding that, by asserting his right to present evidence, a prisoner waives his right to an impartial decision-maker.

Mr. Bennett was convicted of possessing cocaine on grounds that a chemical test confirmed that the substance allegedly confiscated from him was cocaine. The only evidence of that test is Sgt. Pardue's representation that he removed the white powder allegedly confiscated from Mr. Bennet from the investigations department, took it to be tested, observed the test, and observed that the result of the test was positive. Due process afforded Mr. Bennett the right to have his case heard by a decision-maker who was not also the sole source of evidence on a dispositive element of the offense with which he was charged.[2]

---

[2] This result does not conflict with the Court's denial of Mr. Bennett's petition for a writ of habeas corpus on his parallel conviction for possessing or using a cellular device. In granting Mr. Bennett's petition, the Court does not find that he was innocent of the charges. The Court takes no position on the sufficiency of the evidence against him. Rather, the Court finds that Mr. Bennett was not convicted according to the standard the Constitution demands, and this conclusion is based on an argument not developed in the cell phone case. *See* no. 1:17-cv-02834-TWP-DML, dkt. 15 (S.D. Ind. May 2, 2018).

As noted, the Court issues no opinion as to whether Mr. Bennett's conviction was supported by sufficient evidence. Nevertheless, having identified several potential issues regarding the evidence of the chemical tests used to support Mr. Bennett's conviction, the Court would expect chemical testing to be at issue should

## IV. Conclusion

Because Mr. Bennett was denied his due process right to an impartial hearing officer, his petition for a writ of habeas corpus must be **granted**. The sanctions imposed in CIC 17-04-0139 must be **vacated and rescinded.** Mr. Bennett's lost earned credit time and his credit-earning class **shall be restored immediately**. Judgment consistent with this Order shall now issue.

    **IT IS SO ORDERED.**

Date: 12/6/2018

    JAMES R. SWEENEY II, JUDGE
    United States District Court
    Southern District of Indiana

Distribution:

MAURICE BENNETT
974997
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

---

the respondent designate this matter for rehearing. Similarly, Mr. Bennett's petition raises a dispute over his denial of video evidence, and the Court would expect that evidence to be at issue in a rehearing. As such, the Court cautions the respondent to consider whether he is obligated to preserve the white, powdery substance and the video evidence at issue in this petition as subjects of impending litigation. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (noting that a party may be sanctioned for spoliating evidence if it disregarded "a duty to preserve evidence because it knew, or should have known, that litigation was imminent").